AUGUST SEIDSCHLAG

v.

THE TOWN OF ANTIOCH.

198   413
s109a 292

*Opinion filed October 25, 1902.*

APPEALS AND ERRORS—*freehold not involved in suit before justice for obstructing highway.* A freehold is not involved on an appeal in a proceeding begun before a justice of the peace for obstructing a highway. (*Herman* v.*Comrs. of Highways,* 197 Ill. 94, followed.)

APPEAL from the Circuit Court of Lake county; the Hon. CHARLES H. DONNELLY, Judge, presiding.

COON & ORVIS, and FRANK S. LENERT, for appellant.

C. T. HEYDECKER, and WHITNEY, UPTON & WHITNEY, for appellee.

Mr. JUSTICE BOGGS delivered the opinion of the court:

The appellant was summoned in a proceeding instituted by the appellee town before a justice of the peace, under the provisions of section 74 of chapter 121, entitled "Roads," (Hurd's Stat. 1899, p. 1481,) to answer for the violation of the provisions of section 71 of the chapter, for an alleged obstruction of a public highway. The cause was heard before the justice of the peace, and the appellant was adjudged guilty and sentenced to pay a fine of five dollars. He perfected an appeal to the circuit court of Lake county, and in that court, upon a trial, was again adjudged guilty and was assessed to pay a fine of three dollars. This is an appeal attempted to be taken to this court from the judgment entered in the circuit court, on the ground the controversy involves a freehold.

In *Herman* v. *Comrs. of Highways,* 197 Ill. 94, we held that a justice of the peace was lacking in jurisdiction and power to render a judgment which could in any manner affect the right of any party to an estate of freehold;

that the circuit court, in a cause brought before it by an appeal from a judgment entered by a justice of the peace, could exercise no greater jurisdiction and power than that possessed by the justice of the peace, and hence that a freehold could not be regarded as involved in an action, such as the one at bar, instituted before a justice of the peace. Following the doctrine of that case, it must be held that this court is without jurisdiction to entertain this appeal.

*Appeal dismissed.*