109    291
a207s  280

## August Seidschlag v. Town of Antioch.

1. PRACTICE—*What Must be Shown Where Lack of Jurisdiction is Asserted.*—One who asserts lack of jurisdiction for failure to file a particular paper must show that such paper was not filed.

2. BILL OF EXCEPTIONS—*Where it Does Not Contain a Plat Offered in Evidence.*—Where a plat offered in evidence is not preserved in the bill of exceptions the Appellate Court may not consider it.

3. EVIDENCE—*Province of the Jury Where it is Conflicting.*—Where the evidence is conflicting it is the special province of the jury to decide where the truth lies.

4. SAME—*Diagram of Road Made from Actual Measurements, Admissible.*—In an action for obstructing a highway, a diagram made from actual measurements by a surveyor, indicating post holes of the original fence, is admissible.

Error to the Circuit Court of Lake County; the Hon. CHARLES H. DONNELLY, Judge presiding. Heard in this court at the April term, 1903. Affirmed. Opinion filed June 8, 1903.

R. W. COON, attorney for plaintiff in error.

C. T. HEYDECKER and WHITNEY, UPTON & WHITNEY, attorneys for defendant in error.

MR. JUSTICE DIBELL delivered the opinion of the court.

The Town of Antioch sued August Seidschlag before a justice of the peace for obstructing a highway, and recovered $5. On defendant's appeal to the Circuit Court a jury found him guilty and assessed against him a fine of $3. Judgment was rendered on the verdict. Defendant ap-

pealed to the Supreme Court. That appeal was dismissed in Seidschlag v. Town of Antioch, 198 Ill. 413. Defendant then sued out a writ of error from this court.

Defendant states that there was no written complaint, and argues that a written complaint was necessary to give jurisdiction, and that his motion to dismiss the suit for want of jurisdiction made in the Circuit Court just as the trial began, should have been granted. There is nothing in the record before us to show there was no written complaint, except the fact that no such document is found in the record. But the clerk only certifies this record contains " all the papers filed in said cause as called for in the præcipe filed herein." The præcipe is embodied in the record and does not call for all the papers, but only for certain papers named, and it does not name the complaint. One who asserts lack of jurisdiction for failure to file a particular paper, must show such paper was not filed. This record is silent as to whether a written complaint was filed when the suit was begun. The bill of exceptions does not set out the reasons upon which the court was asked to dismiss the suit for want of jurisdiction, nor the showing each party made upon the hearing of that motion. If written complaint was essential to jurisdiction, and that was the ground of the motion, we must presume in support of the action of the court that it was shown a written complaint was filed. The summons called upon defendant " to answer the complaint of the Town of Antioch, a town situate in the county of Lake and State of Illinois, for a failure to pay it a certain demand not exceeding two hundred dollars, the same being for penalty for obstructing and encroaching upon a public highway in said town." As the record does not show a written complaint was not filed, nor that defendant raised the point in the court below where the supposed defect might perhaps have been removed or remedied, the question whether such written complaint was essential is not presented for our decision.

Defendant owns a certain forty-acre tract of land. A way traveled by the public crosses it at or near its north

end, and then, at the west side of defendant's land, turns south a short distance, and then turns diagonally in a southwesterly direction.   In 1900 defendant moved his fence near his northwestern corner, out into the traveled way about eleven and a half feet.   There is proof that he also placed a thick post four or five feet further out into the traveled way, putting it at a point given him by a surveyor as fifty feet south of his north line, and intending afterward to place his fence that much still further north, with the purpose of reducing the road to fifty feet in width, and while leaving it all on his land as before, forcing it over to his north line.   There is other proof that such post is part of the fence he then set.   The correctness of the verdict and judgment depends upon whether the place where he then set his fence at that corner was a lawful public highway.

Defendant complains because he was not permitted to show where the road originally ran at points distant from this corner.   In passing upon an objection made while the first witness was testifying, the court said the only thing in dispute was in reference to that particular corner, referring to the northwest corner of defendant's enclosed land made by the turn of the road there.   This statement of the point in controversy was not questioned by either party, and must be taken as correct.   The road in question had several jogs in it, and at some places ran diagonally, and as defendant was charged with obstructing and encroaching upon it only at this corner, the court did not err in restricting the proof to that vicinity.

A diagram introduced by plaintiff was competent because made from actual measurements.   It indicated post holes of the old fence which the surveyor testified he saw and from which he made the measurements shown on the diagram.   The court admitted a record of the proceedings of the commissioners of highways in an attempt to lay out a road on this line in 1862, but only for the purpose of showing the lines of a road petitioned for, surveyed and ordered laid out at the point in controversy, but at no other point and for no other purpose.   Defendant argues

there was a failure to show certain steps necessary to create a valid highway by condemnation or legal proceedings, and therefore it was error to admit the record. We shall see the instructions covered this point. Defendant offered a plat and argues the court erred in refusing to admit it. The plat seems not to be preserved in the bill of exceptions, and we therefore are unable to say it should have been admitted. Moreover, the surveyor testified the details he placed upon it were largely derived from what others told him, of the correctness of which he had no personal knowledge. There was no proof making this plat competent.

Some proof was introduced which might tend to show a highway at that corner by dedication, and by proceedings by the highway commissioners, but the proof was chiefly addressed to the establishment of a highway there by prescription. Defendant criticises each instruction given for plaintiff, and the refusal of certain instructions offered by defendant. As to the establishment of a highway by legal or statutory proceedings, the court, at defendant's request, told the jury that in addition to the proceedings introduced in evidence it was necessary to show, either an agreement with the owners of the land over which said road was to be laid out as to the amount of their damages by reason thereof and provision for paying the same, or a release of such damages filed with the town clerk, or that the damages were assessed and paid; and if this was not done the preliminary steps of laying out the road would be void. There was no such proof, and that instruction practically told the jury that they could not find a road laid out by legal or statutory proceedings. This eliminated that question, and it is immaterial whether any other instruction on that subject was incomplete, or was refused when it might have been given. Instruction number twelve, given at defendant's request, began as follows: "If you believe from the evidence that a public road had been used by the public where defendant is alleged to have encroached, for twenty years or more, without interruption, and that the owners of the land have acquiesced therein during all that

time, then the law presumes a grant or dedication of the ground on which the road runs, to the use of the public for a common highway;" and then the instruction told the jury that unless the preponderance of the evidence showed the land on which defendant was alleged to have encroached had been so used by the public as a highway for twenty years, and that defendant placed his fence on the land so used for a highway for twenty years, they should find defendant not guilty. This instruction makes it unnecessary to consider whether every other given instruction was entirely accurate or whether any refused instruction might properly have been given. By this twelfth instruction the defendant obtained a direction to find defendant not guilty unless he placed his fence on land which had been used by the public for a highway for twenty years. That instruction eliminated every other question.

While the testimony of defendant and his son and some other of his witnesses was that his fence was originally further north than now, and that he moved it south in 1882, so that the place where he put his fence in 1900 had not been traveled by the public for twenty years and no way by prescription had been acquired, yet a larger number of witnesses testified that the fence he referred to was not built in 1882 but in 1875, 1876, 1877 or 1878; and many of them testified that fence was built on the same line where the old fence it superseded had stood; and there was much testimony that the corner and posts of the fence defendant erected in 1900, were exactly in the line of the north wheel of the track which had been continuously traveled since the close of the war or about 1864, and some witnesses carried the use of the land as a traveled way at that precise point back to a still earlier date. Defendant and his witnesses who actually built the fence which he moved in 1900, ought to know best in what year they built it, and whether they built it on the line of what was then the old fence or some other line. On the other hand they are outnumbered. It was the special province of the jury to decide the question raised by this conflict in the testi-

mony. The trial judge had better opportunity than we have to determine which witnesses were most worthy of credit. He has approved the verdict. We do not feel warranted in disturbing the conclusion so reached upon the facts.

The judgment is affirmed.