### Oliver P. Hunt v. Joseph Milton Sain et al.

1. FREEHOLD—*When Involved.*—A freehold is involved in a suit to compel the owner of a servient heritage to remove obstructions placed by him, and to restrain him from placing further obstructions in a ditch alleged to have been constructed and maintained for the benefit of the lands of all by mutual consent of the parties, under the provisions of the " act declaring legal, drains heretofore constructed by mutual license, consent or agreement by adjacent or adjoining owners of land, and to limit the time within which such license or agreement heretofore granted may be withdrawn." Approved June 4, 1889, in force July 1, 1889.

**Bill,** to compel the removal of obstructions from a water-course, etc. Error to the Circuit Court of Douglas County; the Hon. EDWARD P. VAIL, Judge, presiding. Heard in this court at the May term, 1898. Dismissed. Opinion filed December 2, 1898.

T. D. MINTURN, attorney for plaintiff in error.

ECKHART & MOORE, attorneys for defendants in error.

MR. JUSTICE WRIGHT delivered the opinion of the court.

Defendants in error filed their bill in equity against plaintiff in error to compel him to remove obstructions placed, or caused to be placed by him, and to restrain him from placing further obstructions in a ditch alleged to have been constructed and maintained for the mutual benefit of the lands of all by mutual consent of the plaintiff in error and defendants in error, or their grantors, under the provisions of an act entitled "An act declaring legal, drains heretofore constructed by mutual license, consent or agreement by adjacent or adjoining owners of lands, and to

limit the time within which such license or agreement heretofore granted ' may be withdrawn," approved June 4, 1889, in force July 1, 1889. Upon the hearing in the Circuit Court a decree was entered in accordance with the prayer of the bill to reverse which this writ of error is prosecuted.

It was established upon the hearing that defendants in error were the owners of the dominant, and the plaintiff in error the servient heritage, and from the evidence it would seem that there was an earnest and real contest between the parties upon the point whether the ditch was subject to the control of the provisions of the statute to which we have referred.

It has been recently held by the Supreme Court in Wessels v. Colebank, 174 Ill. 618, that the effect of this statute is to make a ditch so constructed an incumbrance, so to speak, upon the lands through which it passes. The right to it and its maintenance is an interest in the land itself, and passes with the land by conveyance, devise or descent; for the statute declares that it shall be held to be for the benefit of all the lands, and the obstruction to the flow of water is prohibited, and it is in effect made perpetual; the court therefore reached the conclusion in that case that a freehold was involved. We are unable to perceive any difference in principle between the case presented and the case to which we have referred. It is therefore clear that a freehold is here involved, and this court not having jurisdiction conferred upon it in such cases, nothing remains for us to do but to dismiss the writ of error, and it will be done accordingly. Writ of error dismissed.