## Florence H. Powers v. John Heffernan.

Freehold—*when involved for purposes of appeal.* A freehold is involved where it appears that the appeal requires the determination by the Appellate Court of the question as to whether a perpetual easement was acquired by the transaction in question.

Bill in chancery. Error to the Circuit Court of Champaign county; the Hon. Solon Philbrick, Judge, presiding. Heard in this court at the May term, 1907. Transferred to the Supreme Court. Opinion filed November 22, 1907.

Ray & Dobbins, for plaintiff in error.

Savage & Woods, for defendant in error.

Mr. Justice Puterbaugh delivered the opinion of the court.

This is a bill in chancery filed by Florence H. Powers, to which John Heffernan is party defendant. A decree was rendered by the Circuit Court dismissing the bill for want of equity. From such decree this writ of error is prosecuted by the complainant.

The bill alleges in substance that the complainant and defendant are the owners of adjoining lots of land in the city of Champaign, which were formerly owned by one Beardsley; that complainant acquired title to her said lots from Beardsley shortly before the filing of the bill, and that the defendant acquired title to his said lots from Beardsley some two years prior thereto. That Beardsley while the owner thereof, erected and maintained a building covering all of said lots, the only stairway in said building leading to the street being upon the property of the defendant immediately adjoining the line of the property now owned by the complainant. That at the time the defendant purchased said property from Beardsley he knew of the existence of such stairway and that there was no other means of access to the second story of the portion of

the building now owned by complainant. That in the respective deeds from Beardsley to complainant and defendant, no reference was made to said stairway. That defendant is threatening to close up the stairway, which would be an injury to the complainant. The bill prays that complainant be decreed to have an easement over defendant's property so far as the stairway is situated thereon for the use and continuance of said right of way of the stairway, and also the free and uninterrupted ingress and egress to and from the second story over her premises, and that the defendant may be restrained from attempting to exercise acts of exclusive ownership over said stairway.

The defendant filed his answer denying all the material averments of the bill.

It is manifest from the foregoing statement of the plaintiff that the issues involved necessarily require the determination as to whether complainant by reason of the facts averred in the bill acquired a perpetual easement in the use of the stairway in question.

The disposition and arrangement of two heritages or of one heritage consisting of several parts belonging to one owner for ease and convenience with reference to ways, light, etc., made during unity of seizin, which are apparent and continuous and necessary to the reasonable enjoyment of the several parts thereof, will be an easement upon the severance of title as to the different parts thereof, and upon a grant of a portion by the owner of the fee, each portion of the severed premises will pass subject to the burdens and advantages imposed or conferred as aforesaid. Morrison v. King et al., 62 Ill. 30; Martin v. Murphy, 221 Ill. 632; Ingals v. Plamondon, 75 Ill. 123; Clarke v. Gaffney, 116 Ill. 362; Cihak v. Klekr, 117 Ill. 643; Ins. Co. v. Patterson, 103 Ind. 582.

It is well settled that a perpetual easement in lands, or any interest in lands in the nature of such an easement, when created by grant, or by any proceeding

which is in law equivalent to a grant, constitutes a freehold; a legal interest in lands is to be deemed a freehold not because of the kind or quantity of the interest but by reason of its sufficient legal indefinite duration. Chaplin v. Commissioners, 126 Ill. 264; Oswald v. Wolf, 126 Ill. 542; Wessels v. Colebank, 174 Ill. 618.

It is equally well settled that this court has no jurisdiction to entertain an appeal or writ of error where a freehold is necessarily involved, and such jurisdiction is not acquired because the parties fail to raise the question of jurisdiction and submit the cause for decision on its merits. Town of Audubon v. Hand, 223 Ill. 367.

In conformity with the provisions of section 102 of the Practice Act (Laws of 1907, 464) the clerk of this court is directed to transmit the transcript of the record and all files in this case to the clerk of the Supreme Court to which court this cause is transferred.

*Transferred to the Supreme Court.*