NATHANIEL McINTYRE, Appellee, *vs.* JAMES HARTY, Appellant.

*Opinion filed December 15, 1908.*

1. DRAINAGE—*purpose of the act of 1889 relating to drains by mutual agreement.* The act of 1889, relating to drains by mutual agreement, was intended to apply to ditches constructed by license and mutual agreement where such license and agreement were in force when the act took effect and to such ditches as might thereafter be so constructed, but it was not its purpose to revive licenses which had been revoked before the act took effect.

2. SAME—*when license to maintain ditch is revoked by conveyance.* A license to the dominant owner to construct an outlet for his tile over the lands of the servient owner, who took no part in the work and received no benefit therefrom, is revoked by a conveyance of the servient estate before the act of 1889, relating to drains by mutual consent, took effect, and an express revocation by the new owner within a year after the act of 1889 took effect is not necessary. (*Wessels* v. *Colebank,* 174 Ill. 618, distinguished.)

3. PLEADING—*what averments do not show that ditch benefited servient estate.* An averment in a bill to enjoin interference with a ditch upon defendant's land which furnished an outlet for the complainant's tile, that when the ditch was made the earth was thrown back so as not to prevent surface water from defendant's land reaching the ditch, does not show that the ditch benefited the defendant's land, where it is further alleged that the ditch was in the bed of a "natural depression or old prairie water-course," and that the water therefrom emptied into a pond upon the defendant's land.

APPEAL from the Circuit Court of LaSalle county; the Hon. EDGAR ELDREDGE, Judge, presiding.

L. W. Brewer, and Lester H. Strawn, for appellant.

McDougall & Chapman, for appellee.

Mr. Justice Farmer delivered the opinion of the court:

This is an appeal from a decree of the circuit court of LaSalle county awarding an injunction on a bill filed by appellee against appellant. The bill alleged that appellee was in 1883 the owner of certain lands in LaSalle county and that one James P. Clark was the owner and in possession of an eighty-acre tract joining appellee's land on the east, and that on or about the 28th day of February, 1889, Clark sold and conveyed his said land to James Harty, who was made defendant to the bill and is appellant here. It was further alleged that while Clark was the owner of said land he and appellee entered into an oral agreement by which Clark gave appellee the right to make an open ditch across a part of his land, of such width and depth as might be necessary to receive and carry freely water from the termination of a tile drain then about to be laid by appellee upon his land; that the ditch was to be along a line of natural depression or old prairie water-course to the most convenient point of discharge into a large pond or slough near the center of Clark's said land; that it was agreed between the parties that the dirt taken from the ditch in its construction should be spread far enough back from the bank not to prevent surface water from flowing into the ditch, and that appellee should construct a bridge across said ditch at a place to be designated by Clark, sufficient for said Clark to cross upon in the cultivation of his land; that in 1883 appellee laid a system of tile on a part of his land, converging at a point where the water was discharged into a natural depression or old prairie water-course near the west line of Clark's land, and that in said year of 1883, pursuant to the agreement with Clark and with his knowledge, appellee constructed an open ditch from the point where the

water was discharged from his tile drain along the said natural depression, in an easterly and northerly direction, through and across a portion of Clark's land, to the pond or slough near the middle thereof. The bill alleged that the ditch at the surface was of a width of about sixteen feet, and was of sufficient depth to draw the water from the place of its discharge through appellant's tile and carry it into the pond or slough on Clark's land; that in constructing it the dirt was thrown back from the banks so as to not obstruct the flow of surface water into the ditch, and afterwards the appellee built a bridge across it at the point designated by Clark; that after the ditch was completed the water from appellee's land flowed through it freely and was discharged into the pond or slough upon Clark's land, but that since that time the ditch has become partially filled and obstructed by dirt washing into it, and by grass, weeds and willows growing upon the banks and in the line of the ditch, and by reason of cutting willows down and laying them across the ditch, thereby damming the water in the appellee's tile so that for a long time it has not fully and freely flowed through said open ditch into the pond on appellant's land; that appellee desired to clean it out and restore it to its original depth substantially the same as when it was first constructed, but appellant, who is now the owner of the land, refuses to allow this to be done and refuses to allow appellee to enter upon his premises for that purpose, by reason whereof appellee claims he has suffered, and continues to suffer, great and irreparable damage. The bill prayed for a writ of summons in chancery and a writ of injunction restraining appellant from in any manner interfering with appellee in entering upon the premises and cleaning out said ditch and removing obstructions therefrom. Appellant demurred to the bill but the court overruled the demurrer, and appellant abiding thereby and failing to answer, a decree was entered awarding the writ of injunction.

Appellee's contention is that the ditch was constructed in 1883 by mutual agreement between himself and Clark, who then owned the land now owned by appellant; that there was never any revocation of the license or agreement by Clark while he owned the land, nor by appellant within one year after the taking effect of the act of 1889 in regard to ditches constructed by mutual consent of the parties, and that appellee has a perpetual easement in appellant's land for the purpose of draining his water through said open ditch, with a right to enter upon said land for the purpose of repairing and cleaning out said ditch.

Section 1 of the act of 1889 provides that whenever any ditch or drain had been or should thereafter be constructed by mutual license, consent or agreement of the owners of adjoining lands, so as to make a continuous line upon or across the lands of the several owners, such drain should be held to be a drain for the mutual benefit of all the lands so interested therein. Section 3 provides that drains so constructed shall not be filled up or obstructed without the consent of all the parties. Said section also provides that the license, consent or agreement mentioned in the act need not be in writing, but shall be valid and binding if in parol. Section 4 provides that the act shall not have the effect to deprive any owner of the right he may have under existing laws to revoke any parol license before made for the construction of a drain across his lands, but the right to make such revocation is required to be exercised and suit to enforce the same commenced within one year from the time the act takes effect, otherwise the right to make such revocation is forever barred.

The appellant contends that when Clark sold the land to him, several months before the act of 1889 went into effect, the sale operated as a revocation of the license by Clark, and that there was therefore no license in existence to be revoked by appellant after the act of 1889 went into effect. The permission given the appellee by Clark to dig the ditch

through a part of his land was a mere license and was revocable at the will of the licensor. (*Woodward* v. *Seely,* 11 Ill. 157, and subsequent cases following the rule therein announced.) The statute of 1889 not being in effect at the time of the sale from Clark to appellant, the conveyance operated to revoke the license. *Forbes* v. *Balenseifer,* 74 Ill. 183; *Wessels* v. *Colebank,* 174 id. 618; *Kamphouse* v. *Gaffner,* 73 id. 453; *Lambe* v. *Manning,* 171 id. 612.

There is no allegation in the bill from which it appears that the ditch was of any benefit to appellant's land. It is contended in appellee's argument that the averment that the dirt was to be thrown back from the banks so as to not obstruct the flow of surface water into the ditch is an averment that appellant's land was benefited. The bill alleges that the ditch was constructed along the line of a "natural depression or old prairie water-course." Unless obstructed in some way, surface water would naturally flow into this depression or water-course before the ditch was constructed, and we cannot infer from the allegation that the dirt taken out of the ditch was to be so placed as not to obstruct the water from flowing into it, is equivalent to an allegation that the ditch was a benefit to appellant's land. It does not appear from the allegations of the bill that any water was carried off of appellant's land by the ditch. It was carried to a pond or slough near the middle of appellant's land and there discharged. Appellee concentrated the waters from his land through a system of tile drains into this ditch and discharged them through it into and upon appellant's land. It does not appear from the bill that Clark did anything whatever in the construction of the ditch but the work was wholly done by appellee, who at his own expense agreed to, and did, build a bridge across it for Clark's convenience in cultivating his land, at a point designated by Clark, and there was no mutual benefit resulting to the parties from the construction of the ditch, but appellee appears to have been the only person benefited by it. The case made by the

bill is one of a mere license for the benefit of the licensee, and was revoked by the sale of the land to appellant before the act of 1889 was in effect.

Great reliance is placed on *Wessels* v. *Colebank, supra,* by appellee. That was an action of trespass *quare clausum fregit* against the defendants for breaking and entering the plaintiff's close. Defendants filed a special plea averring, in substance, that in 1887 a number of land owners adjoining the property owned by defendants at the time of the commission of the supposed trespasses, by mutual license, consent and agreement, constructed an open drain over and across the land of the plaintiff, which was then the property of one Egley, who joined in the construction and maintenance of the drain for the benefit of his own land; that said drain had ever since then been maintained, cleaned out and repaired by the town authorities and the land owners affected, and that this was done with the license and consent of the owner of the plaintiff's close; that neither Egley nor any of his grantees, prior to July 2, 1890, ever revoked the parol license given in 1887, and that thereby the drain became and was, prior to July 3, 1890, and continued to be according to the statute, a continuous open drain for the mutual benefit of all the lands affected. A demurrer was sustained to that plea and defendants abided by their plea. This court held the plea stated a good defense and that the trial court erred in sustaining a demurrer to it. There is a very clear distinction between that case and this one. There was no averment in the plea in the *Wessels case* that the owner of the land in 1887 conveyed it prior to the taking effect of the act of 1889. It appears from the plea that at the time the ditch was constructed the plaintiff's land belonged to Egley, but when it was conveyed to the plaintiff does not appear. It further appears from the plea that the ditch had been maintained, cleaned out and repaired, from the time of its construction, partly by the owners of the land affected and with their license and consent. The case

made by the plea is one where a ditch for the mutual benefit of the parties existed by their mutual license, consent and agreement when the act of 1889 went into effect and was not revoked within one year thereafter. Here it appears from the bill that the license to appellee was revoked before the act of 1889 went into effect. There was therefore no license to revoke after the act of 1889 became a law, and there is no allegation in the bill that appellant, in any way after he became the owner of the Clark land, ever recognized the right of appellee to maintain, or have maintained or kept in repair, the ditch through his land. On the contrary, he obstructed it by cutting and throwing willow trees into it. When this was done does not appear from the averments of the bill. It was not the purpose of the act of 1889 to revive licenses for the construction of ditches that had been revoked before the act went into effect. The legislature would have no constitutional right to enact such a law. The purpose of the act was to apply to ditches constructed by license and mutual agreement between the parties, where such license and agreement were in effect at the time the act became a law and such as might thereafter be made. Any other construction would violate the constitutional rights of the land owners.

We are of opinion that under the averments of this bill appellee has no right to insist on cleaning out and keeping the ditch open on the ground that under the law it is a drain for the mutual benefit of the lands interested and was constructed by the mutual license, consent and agreement of the owners of the adjacent lands, and that such license is still in force and effect.

The demurrer to the bill should have been sustained, and for the error in overruling it the decree of the circuit court is reversed and the cause remanded, with directions to sustain the demurrer.

*Reversed and remanded, with directions.*