Adams v. Abel, 214 Ill. App. 335.

The court did not err in sustaining the demurrer to the bill and the decree is affirmed.

*Affirmed.*

## Marcella Adams et al., Appellees, v. W. C. Abel et al., Appellants.

1. APPEAL AND ERROR, § 155*—*when freehold involved on bill involving easement.* A freehold was involved in a bill to enjoin connection with a certain tile drain, where, if the proofs in the record sustained the theories of the respective parties, a perpetual easement as to the use of such drains or of flowage over appellee's lands was contemplated by the parties.

2. APPEAL AND ERROR, § 126*—*when freehold involved in general.* A freehold is involved in cases only where either the necessary result of the judgment is that one party gains and the other loses a freehold estate, or where the title to a freehold is so put in issue by the pleadings that a decision of the case necessarily involves a decision of such issue, although the judgment or decree does not result in one party gaining or the other losing the estate.

3. APPEAL AND ERROR, § 127*—*when failure to raise question of freehold does not give Appellate Court jurisdiction.* Where it was apparent that the Appellate Court had no jurisdiction to entertain an appeal because a freehold was involved, the fact that the question was not raised by either party did not give the court any power to pass upon the merits.

Appeal from the Circuit Court of Christian county; the Hon. THOMAS M. JETT, Judge, presiding. Heard in this court at the October term, 1918. Appeal dismissed. Opinion filed July 9, 1919.

R. E. NEFF, for appellants.

WALTER PROVINE, for appellees.

MR. JUSTICE ELDREDGE delivered the opinion of the court.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

In the bill filed by appellees it is alleged that Gavin R. Adams died testate August 18, 1905, leaving surviving him Marcella Adams, his widow, and Elsie Adams (since intermarried with Harrison P. Parker), his only heir at law; that by said will the testator devised to Marcella Adams all his real estate for her natural life, only, and, subject to said life estate, he devised said real estate to said Elsie Adams Parker for and during her life, remainder to the child or children of her body born or to be born; that said real estate consisted of the East Half (E½) of the Southwest Quarter (SW¼) and the West Half (W½) of the Southeast Quarter (SE¼) of Section 18, Township 13 North, Range 2 West, Third (3rd) P. M. in Christian County; that in and prior to the year 1889, one J. W. Murphey owned the Northwest Quarter (NW¼) of said Section 18; that some time in the year 1889, said Murphey and Gavin R. Adams entered into an agreement for laying a covered tile drain in said lands, the outlet thereof being in an open ditch emptying into a deep ditch in the public road running east and west on the south side of Section 18 and extending in a northeasterly direction through the Adam's land into and near to the north side of said Northeast Quarter (NE¼) of Section 18, then owned by said Murphey; that by said agreement this drain was to drain the above-described lands only and no other lands, and has been maintained since then and used by the owners of said lands succeeding to the titles of said Adams and Murphey, respectively, and for no other lands until the wrongs thereinafter stated.

That Marcella Adams is in possession of said land that was so owned by said Gavin R. Adams, deceased, and said Harrison P. Parker and Elsie Adams Parker, his wife, are tenants of the said 160 acres; that W. C. Abel is now the owner of the South Half (S½) of the Northeast Quarter (NE¼) of said Section 18, and also

of the Southwest Quarter (SW¼) of the Northwest Quarter (NW¼) of Section 17, and the West Half (W½) of the Southwest Quarter (SW¼) of Section 17; and that said Abel threatens to extend the tile drain described into and upon Section 17 so as to connect his lands in Section 17 with said drain in Section 18, without the consent of appellees; that in March or April, 1916, said Abel requested permission from appellees so to do, which was refused, and said Abel was admonished not to molest said tile in Section 18 in any manner, and was notified that he had no right to interfere with said tile in Section 18 nor to connect any tile thereto for the purpose of draining any portion of Section 17 therein.

That said lands are level prairie lands in a high state of cultivation and that appellees will suffer irreparable injury if the said Abel should make connection with said tile drain in Section 18 so as to drain said lands in Section 17; that said tile drain on Section 18 is not of sufficient capacity to take the water from said lands in Section 17, and was never intended to take the water therefrom; that such additional burden will cause the water to overflow on the lands of appellees and greatly injure and destroy crops grown thereon.

The prayer of the bill is for an injunction to restrain appellants from so connecting with said tile drain in Section 18, and if they shall have dug a ditch for the purpose of laying such tile drain or shall have laid the same, that they be required to disconnect the same and remove such tile and fill up the ditch so made by them, and for general relief.

In the answer it is denied that there ever was such an agreement set out in the bill between Adams, deceased, and Murphey; and it is admitted that it is the intention of appellant to drain his lands in Section

17 into the tile drain located on Section 18. It is averred that the natural flow of water from Section 17 is over and across the South Half (S½) of the Northeast Quarter (NE¼) of Section 18, and that no license or permission is required from the servient owner upon the part of the dominant owner to drain said lands in the drain of the natural flow of the water, and that, being the owner of the dominant heritage, he has the legal right to drain onto the lower lands owned by appellees.

The court entered a decree in favor of appellees and granted the relief prayed for in their bill, to reverse which this appeal is prosecuted.

Appellees in the court below introduced proof tending to show that the lands in controversy were substantially level, and that there was no natural flow of water thereon in any particular direction, but that after heavy rains the direction of the flowage was controlled largely by the direction of the wind. Appellant introduced some proofs tending to show that the lands in Section 17 constituted a dominant heritage.

It is the contention of appellees that, according to the agreement entered into by Gavin R. Adams, in his lifetime, and Murphey, the tile drain constructed by them was to be used solely for the drainage of the said tracts of land in Section 18, and for no other, and that this easement became irrevocable by virtue of the act approved June 4, 1889, in force July 1, 1889, entitled, ''An Act declaring legal, drains heretofore or hereafter constructed by mutual license, consent or agreement, by adjacent or adjoining owners of land, and to limit the time within which such license or agreement heretofore granted may be withdrawn.''

If the proofs in this record are sufficient to sustain the theory of appellees and the allegations in the bill, they establish a perpetual easement in the particular

use of the tile drain contemplated by the original agreement between Gavin R. Adams and Murphey, and a freehold is involved. According to the theory of appellants, the proofs fail to establish the original agreement in regard to the tile drain in question, but do establish that the natural flow of water is from the tracts mentioned in Section 17 onto the said tracts mentioned in Section 18. If this contention should prevail, a perpetual easement of flowage over the lands of appellees would be established in appellants, and in determining this question a freehold would also be involved.

In the case of *Wessels v. Colebank*, 174 Ill. 618, where the facts were analogous to those in the case at bar, in passing upon a motion to dismiss the writ of error on the ground that no freehold was involved, the court said: "The rule, as frequently announced by this court, is, that a freehold is involved in cases only where either the necessary result of the judgment is that one party gains and the other loses a freehold estate, or where the title to a freehold is so put in issue by the pleadings that a decision of the case necessarily involves a decision of such issue, although the judgment or decree does not result in one party gaining and the other losing the estate. * * * We are of the opinion that a freehold is involved in the case at bar also, and the motion to dismiss will be overruled."

A freehold is clearly involved in this case, and this court has therefore no jurisdiction of this appeal. *Wessels v. Colebank, supra; Chaplin v. Highway Com'rs,* 126 Ill. 264; *Dierks v. Highway Com'rs,* 142 Ill. 197; *Tinker v. Forbes,* 136 Ill. 221; *Hunt v. Sain,* 79 Ill. App. 361; *Espenscheid v. Bauer,* 235 Ill. 172; *Cox v. Deverick,* 272 Ill. 46; *McIntyre v. Harty,* 236 Ill. 629; *Town of Crooked Creek v. King,* 252 Ill. 126.

It is apparent that this court has no jurisdiction to entertain this appeal, and the fact that this question

has not been raised by either party does not give it any power to pass upon the merits of the case. "The Appellate Court had no jurisdiction to try a case involving a freehold, and where the law has not conferred jurisdiction of the subject-matter upon a court, the parties to a suit cannot, by consent, invest such court with jurisdiction." *Town of Audubon v. Hand,* 223 Ill. 367; *Powers v. Heffernan,* 138 Ill. App. 12; *Dees v. Scheuvronts,* 147 Ill. App. 55.

The appeal is dismissed and the clerk of this court is hereby directed to transmit to the clerk of the Supreme Court the transcript, files and a copy of this order, as required by section 102 of the Practice Act (J. & A. ¶ 8639).

*Appeal dismissed.*