### GEORGE O. TAYLOR *et al.*

*v.*

### MARGARET KOSHETZ.

1. JUSTICE OF THE PEACE—*jurisdiction.* A justice of the peace has jurisdiction in a suit for damages to real estate done by a party entering the same under a lease, and the owner may recover for the same without being in actual possession at the time of the injury.

2. LANDLORD AND TENANT—*liability of the tenant.* Where a lot is rented only for the purpose of building cribs on it in which to store corn, the lessee will be responsible to the lessor for any tortious acts committed by the former outside of such use, resulting in injury to the premises.

APPEAL from the Circuit Court of McLean county.

This was a suit by the appellee against the appellants, originating before a justice of the peace, for damages done to real estate.

The evidence showed that the plaintiff was the owner of a house and lot in Chatsworth, which rented for $8 to $12 per month. The defendants claimed to have entered under a lease executed to them by the father and mother of the plaintiff,

for the entire lot, for six months, at $10 rent for the whole term, but the other party claimed that the lot, if rented at all, was only for the privilege of building cribs thereon, in which to store corn, and this was the view taken by the jury.

It further appeared that, in the fall of 1870, the defendants took possession of the lot, claiming under the lease, built corn cribs upon it, tore down the fence, and broke down an out-house, and filled up a well with cobs. It was also proved that it cost $31.50 to repair the house; that the fence destroyed was worth $30 to $65, and that defendants broke down an out-house worth $10 to $12, and filled a well worth from $25 to $30, and also did other damage claimed to be equal to $100. The jury found a verdict of $100 in favor of the plaintiff.

Messrs. Wallace & Terry, for the appellants.

Messrs. Rowell & Hamilton, for the appellee.

Mr. Justice Breese delivered the opinion of the Court:

This was an action for damage to real estate, brought before a justice of the peace of Livingston county, by Margaret Koshetz, plaintiff, and against George O. Taylor and others, defendants, and taken by appeal to the circuit court, and the venue changed to the county of McLean, where there was a trial by jury, and a verdict rendered for the plaintiff. A motion for a new trial was denied, and judgment rendered on the verdict, to reverse which, defendants appeal to this court. The errors assigned are, that improper instructions were given for the plaintiff, and that the verdict is contrary to the law and the evidence.

The defendants claimed a right to enter upon the premises by virtue of a lease executed to them by Francis Gruber and wife, which lease bears date November 5, 1870, and runs from that date to May 1, 1871, at a rental of ten dollars for the term, and contains the usual covenants, with a provision that

the term may be extended indefinitely, at the option of the lessees, upon the payment therefor of one dollar per month rent.

It appears the lot was improved, having a dwelling house upon it, a well, fences, and one or more out-houses, and had rented for eight dollars, and sometimes for twelve dollars, per month.

There is controversy about the execution of this lease, with the power and authority claimed under it by appellants. Appellee insists that she was not present when the lease was executed, and had no knowledge of it, and never received the ten dollars stipulated therein as rent, and the Grubers testify they had no idea, when leasing, that it was for the use of the house, but only a portion of the lot on which appellants could erect cribs, in which to store the corn they were purchasing. There is great conflict in the testimony about this, but it seems to us it is unreasonable to suppose these premises, which never commanded less than eight dollars a month rent, should be let for six months for ten dollars for the term, with the privilege of renting them indefinitely for one dollar per month. The jury took the right view of the understanding of the lessors when the lease was made, if one was made.

It is urged by appellants, as they entered into the premises lawfully under this lease, they are not responsible in an action for damages done to the property. The argument is, as plaintiff, by her own acknowledgment, was not in the actual possession of this property, she can not maintain trespass. It will be observed, in answer to this, that the action is not trespass, but an action for damages for injury to real estate, of which a justice of the peace has jurisdiction, by sec. 13, ch. 79, R. S. 1874, p. 639.

On the hypothesis, which the jury have acquiesced in, that the premises were rented for the purpose only of building corn cribs on it, as Crane's testimony indicates, for all tortious acts outside of such use which may have resulted in injury to the

31—88 ILL.

premises, the appellants should be held responsible to the extent of the injury proved. We do not think the verdict is in excess of such injury.

We perceive no objections to the instructions. Finding no error in the record, the judgment is affirmed.

*Judgment affirmed.*