JOHN HERMAN

*v.*

COMMISSIONERS OF HIGHWAYS OF PITMAN TOWNSHIP.

*Opinion filed June 19, 1902.*

1. JURISDICTION—*jurisdiction of justice of peace in action for penalty.* A justice of the peace has jurisdiction of an action to recover a penalty, not exceeding $200, for violation of the act of 1893, requiring parties to trim their hedges along public highways, notwithstanding the defense is that no public highway existed along the hedge in question.

2. SAME—*when a freehold is not involved on appeal.* An appeal directly to the Supreme Court from a judgment of the circuit court finding defendant guilty of a violation of the act requiring owners of hedges to trim them along public highways, cannot be sustained

upon the ground that the defense is that no public highway existed along the hedge which defendant failed to trim. (*Village of Dalton* v. *Dalton*, 196 Ill. 154, explained.)

3. SAME—*limitation on jurisdiction of justice of peace in an action for penalty.* The only limitation upon the jurisdiction of justices of the peace in actions for the recovery of statutory fines and penalties is that the amount claimed shall not exceed $200, and courts are powerless to impose other limitations by construction.

APPEAL from the Circuit Court of Montgomery county; the Hon. TRUMAN E. AMES, Judge, presiding.

E. C. KNOTTS, and LANE & COOPER, for appellant.

ZINK, JETT & KINDER, for appellees.

Mr. JUSTICE HAND delivered the opinion of the court:

This is an action brought by the appellees, against the appellant, before a justice of the peace of Montgomery county, to recover the penalty imposed by section 3 of an act entitled "An act concerning hedge fences along the public highways in this State," in force July 1, 1893, (Hurd's Stat. 1899, p. 902,) for the failure of the appellant to cut back or trim a certain hedge fence belonging to him and standing along the line of a certain public highway in Pitman township, in said county. The appellant admitted that he was the owner of the hedge fence and that the same had not been cut back or trimmed in the manner provided by the statute, but denied the existence of a public highway along the line of said hedge fence, and insisted that he was the absolute owner of the land upon which the hedge fence stood and on both sides thereof, free and clear of any easement of the public therein for highway purposes or otherwise, the defense being that the alleged highway had no legal existence. On the hearing before the justice of the peace appellant was found guilty and adjudged to pay a fine of $100, and upon a hearing in the circuit court, on appeal, he was found guilty by a jury and a fine of $20 imposed upon

him, upon which verdict, after overruling a motion for a new trial and in arrest of judgment, the court rendered judgment, from which judgment an appeal has been prosecuted directly to this court.

It is contended that the justice of the peace had no jurisdiction of the subject matter of this suit, for the reason that a freehold is involved. We do not agree with such contention. The Justice and Constable act provides that justices of the peace shall have jurisdiction in all actions for the recovery of statutory fines or penalties in which the amount claimed does not exceed $200, and the statute under which this action is brought provides, in express terms, that the fine imposed for a violation thereof may be recovered before a justice of the peace. The only limitation upon the jurisdiction of justices of the peace in actions for the recovery of statutory fines and penalties is that the amount claimed shall not exceed $200, and the courts are powerless to impose other limitations by construction. (*Lachman* v. *Deisch,* 71 Ill. 59; *Taylor* v. *Koshetz,* 88 id. 479; *Pitts* v. *Looby,* 142 id. 534.) In *Pitts* v. *Looby, supra,* on page 536 it is said: "The statute provides that justices of the peace shall have jurisdiction where the amount claimed does not exceed $200, among other classes of cases, 'in actions for damages to real property.' The amount claimed here is less than $200, and cutting down standing trees and carrying them away are 'damages to real property.' We are aware of no principle upon which we could be justified in holding that the damages here sued for are not such as justices of the peace are given jurisdiction of by the language above."

The suit here is only for the recovery of the statutory fine or penalty, and, at most, involves only incidentally a freehold. The justice of the peace could render no judgment that either party was possessed of a freehold estate, for the reason that his jurisdiction does not extend that far, it being limited to a recovery of the fine or penalty imposed by the statute. The case differs from

an action of trespass *quare clausum fregit* where the plea of *liberum tenementum* has been interposed, or a trial involving a right to a perpetual easement in real estate, (*Chaplin* v. *Comrs. of Highways*, 126 Ill. 264; *Town of Brushy Mound* v. *McClintock*, 146 id. 643; *Village of Crete* v. *Hewes*, 168 id. 330; *Farrelly* v. *Town of Kane*, 172 id. 415;) upon formal pleadings in a court of record. In *Pitts* v. *Looby*, *supra*, (p. 536,) the court say: "It may be admitted that a freehold was incidentally involved in the litigation, but no judgment could have been rendered that either party was possessed of a freehold, under any possible evidence, for the plain reason that the jurisdiction of the justice of the peace did not extend that far but was limited to the damages to real property to be recovered, and in this the case is entirely different from an action of trespass *quare clausum fregit* in the circuit court and a trial on the plea of *liberum tenementum*."

This court has jurisdiction to entertain appeals from the circuit court only in a limited number of cases. In order to give this court jurisdiction of an appeal direct from the circuit court on the ground that a freehold is involved, the freehold must be directly involved. The fact that a freehold is incidentally involved is not sufficient. For the reason that a justice has no jurisdiction to try title to real estate, no freehold is here involved and the appeal should have been taken to the Appellate Court instead of to this court. (*Pitts* v. *Looby, supra; Cobine* v. *McKittrick*, 186 Ill. 324.) In *Village of Dalton* v. *Dalton*, 196 Ill. 154, it was held a freehold was involved and the appeal should have been taken direct to this court by reason of the fact that the decree found the title to be in the complainant, and not that a freehold was involved in the judgment of the justice of the peace sought to be enjoined.

The appeal will therefore be dismissed.

*Appeal dismissed.*