## The Town of Audubon

### *v.*

## J. W. Hand.

*Opinion filed October 23, 1906.*

1. Appeals and Errors—*suit begun in court of record for obstructing highway involves a freehold.* A suit begun in a court of record to recover a penalty for obstructing an alleged public highway involves a freehold, where the only defense is a denial of the legal existence of such highway, although a different rule applies to a similar suit before a justice of the peace.

2. Same—*jurisdiction of subject matter cannot be conferred ·by acts of parties.* The Appellate Court has no jurisdiction to entertain an appeal where a freehold is necessarily involved, and such jurisdiction is not acquired because the parties failed to raise the question of jurisdiction and submitted the case for decision on its merits.

Writ of Error to the Appellate Court for the Third District;—heard in that court on appeal from the Circuit Court of Montgomery county; the Hon. S. L. Dwight, Judge, presiding.

Lane & Cooper, for plaintiff in error:

The Appellate Court was without jurisdiction to decide the controversy in the case at bar and without authority to enter any judgment therein. *Chaplin* v. *Highway Comrs.* 126 Ill. 264; *Brushy Mound* v. *McClintock,* 146 id. 643; *Waggeman* v. *North Peoria,* 160 id. 277; *Crete* v. *Hewes,* 168 id. 330; *Farrelly* v. *Kane,* 172 id. 415; *Drainage District* v. *Highway Comrs.* 199 id. 83; *Taylor* v. *Pierce,* 174 id. 11; *Perry* v. *Bozarth,* 198 id. 328; *Madison* v. *Gallagher,* 54 Ill. App. 91; *Railroad Co.* v. *Highway Comrs.* 60 id. 165; *Highway Comrs.* v. *Elwood,* 96 id. 239.

Where the Appellate Court assumes jurisdiction of a case involving a freehold, the Supreme Court, on further appeal, must reverse the Appellate Court's judgment for want of jurisdiction and remand the cause with directions to dis-

miss the appeal. *Perry* v. *Bozarth,* 198 Ill. 328; *Chaplin* v. *Highway Comrs.* 126 id. 264.

A public highway is a perpetual easement and a freehold estate. *Taylor* v. *Pierce,* 174 Ill. 11.

A freehold is involved when it is so put in issue that a decision of the case necessarily involves a decision of that issue. *Taylor* v. *Pierce,* 174 Ill. 11.

Jurisdiction of the subject matter of a suit cannot be conferred, by consent of parties, upon either the trial or Appellate Court. *Perry* v. *Bozarth,* 198 Ill. 328.

JETT & KINDER, and D. H. ZEPP, for defendant in error:

Objections not brought to the attention of the Appellate Court cannot be raised in the Supreme Court as ground for reversing the judgment of the Appellate Court. *Case* v. *Phillips,* 182 Ill. 187.

An objection not raised by the briefs in the Appellate Court cannot be renewed or made for the first time in the Supreme Court. *Casualty Co.* v. *Waterman,* 161 Ill. 632.

Appealing to the Appellate Court and submitting the case for determination upon assigned errors which it may properly consider is a waiver or abandonment of any assignment of error which can be reviewed only by the Supreme Court on direct appeal. *Insurance Co.* v. *People,* 170 Ill. 474.

Objections that the court had no jurisdiction of the cross-bill in a foreclosure proceeding, upon the ground that its purpose was to obtain the construction of a will in which no question of a trust was involved, cannot be raised for the first time in a court of review. *King* v. *King,* 215 Ill. 101.

A point not made in the Appellate Court on appeal in a suit at law cannot be considered in the Supreme Court on further appeal. *Railroad Co.* v. *Coggins,* 212 Ill. 369.

An appeal directly to the Supreme Court from a judgment of the circuit court finding defendant guilty of a violation of the act requiring owners of hedges to trim them

along public highways, cannot be sustained upon the ground that the defense is that no public highway existed along the hedge which defendant failed to trim.  *Herman* v. *Highway Comrs.* 197 Ill. 94.

The decision of the Appellate Court was correct, as there was no highway established, as insisted by plaintiff in error. *Cox* v. *Highway Comrs.* 194 Ill. 355; *Hammon* v. *Highway Comrs.* 38 Ill. App. 237; *Hamilton* v. *Highway Comrs.* 203 Ill. 269.

Mr. JUSTICE FARMER delivered the opinion of the court:

This was an action of debt commenced by plaintiff in error against defendant in error in the circuit court of Montgomery county to recover a penalty for the obstruction of an alleged public highway by defendant in error.  There was no denial by defendant in error that he had obstructed the alleged public highway by building his fence therein, but his defense was that there was no legal highway at the place where the obstruction was placed.  A trial in that court without a jury resulted in a judgment against defendant in error for penalty of three dollars and costs of suit.  From that judgment defendant in error prosecuted an appeal to the Appellate Court for the Third District, where, upon a consideration of the case upon its merits, the judgment of the circuit court was reversed and the cause not remanded.  From the judgment of that court this writ of error is prosecuted.

The sole question relied upon by plaintiff in error in its brief and argument for reversal of the judgment of the Appellate Court is, that a freehold was involved in the case and that the Appellate Court had no jurisdiction to entertain the appeal and should have dismissed it.

This court has repeatedly held that in suits begun in a court of record to recover a penalty for obstructing a public highway it is necessary to determine whether the public has a perpetual easement in said highway, and that a freehold is

therefore involved. (*Town of Brushy Mound* v. *McClintock*, 146 Ill. 643; *Waggeman* v. *Village of North Peoria*, 160 id. 277; *Village of Crete* v. *Hewes*, 168 id. 330; *Farrelly* v. *Town of Kane*, 172 id. 415; *Taylor* v. *Pierce*, 174 id. 9; *Perry* v. *Bozarth*, 198 id. 328; *Village of Dolton* v. *Dolton*, 196 id. 154.) A different rule applies where the suit was instituted before a justice of the peace. In that court a freehold is only incidentally involved, because a justice of the peace has no jurisdiction to try title and determine the ownership of land. (*Village of Dolton* v. *Dolton*, 201 Ill. 155.) In that case it was said, that in the cases where this court had entertained appeals coming directly to it where suits were instituted before a justice of the peace, the fact that they were instituted before a justice of the peace was not called to the attention of the court and the question of whether a freehold was involved was not raised by the parties nor considered by the court. (See, also, *Herman* v. *Commissioners of Highways*, 197 Ill. 94.) It is clear from the authorities that this suit having been instituted in the circuit court a freehold was involved, and the Appellate Court was without jurisdiction to entertain the appeal.

It is insisted by defendant in error that as the question was not raised in the Appellate Court nor its jurisdiction challenged by plaintiff in error, the case having been submitted to that court by both parties upon its merits, plaintiff in error cannot now raise this question for the first time in this court. The authorities relied upon by defendant in error in support of this position relate to questions of practice not involving the jurisdiction of the court of the subject matter. The Appellate Court had no jurisdiction to try a case involving a freehold, and where the law has not conferred jurisdiction of the subject matter upon a court, the parties to a suit cannot, by consent, invest such court with jurisdiction. *Ginn* v. *Rogers*, 4 Gilm. 131; *Randolph County* v. *Ralls*, 18 Ill. 29; *Peak* v. *People*, 71 id. 278; *Fleischman* v. *Walker*, 91 id. 318; *Richards* v. *Lake Shore and Michigan Southern*

*Railway Co.* 124 id. 516; *Robertson* v. *Wheeler*, 162 id. 566; *Village of Hammond* v. *Leavitt,* 181 id. 416; *Perry* v. *Bozarth, supra; Drainage District* v. *Commissioners of Highways,* 199 id. 80; Cooley's Const. Lim. (4th ed.) 499.

The Appellate Court had no jurisdiction to entertain and determine the appeal, and for that reason its judgment is reversed and the cause remanded to that court, with directions to dismiss the appeal.    *Reversed and remanded.*