JOHN J. BOYD, Appellee, *vs.* DAVID A. KIMMEL, Appellant.

*Opinion filed April 21, 1910.*

1. COURTS—*county court has no jurisdiction to decide a question of title to real estate.* The county court, while it has jurisdiction of an action for damages for injury to real estate in an amount not exceeding $1000, has no jurisdiction to enter a judgment deciding a question of freehold.

2. APPEALS AND ERRORS—*when appeal in trespass should go to the Appellate Court.* An appeal from the judgment of the county court in an action of trespass for damages to real estate, arising out of a boundary line dispute, must be taken to the Appellate Court, since, even though the question of the title to the real estate is incidentally involved, the county court is without jurisdiction to decide such question.

APPEAL from the County Court of Union county; the Hon. MONROE C. CRAWFORD, Judge, presiding.

WILLIAM D. LYERLE, for appellant.

JAMES LINGLE, for appellee.

Mr. JUSTICE CARTER delivered the opinion of the court:

This is an action of trespass, brought in the county court of Union county by appellee, against appellant, to recover for damages to real property, claimed to have been caused by appellant by the removal and re-locating of a division fence between certain lands of the parties to this cause. Plea of general issue was filed by appellant and also a plea of *liberum tenementum.* A demurrer was filed to the latter plea, which appears to have been overruled by the court, and a replication was thereafter filed thereto.

244—35

Appellee and appellant were owners of adjoining lands in Union county. It appears that in 1908, prior to this suit, appellee moved the division fence between their lands so as to conform to a survey made for him by Townsend and Frizzell. Appellant took down this fence and moved it a considerable distance onto the lands claimed to be owned by appellee and took possession of the land thereby included. On a trial before a jury the following verdict was returned: "We, the jury, find that the Townsend-Frizzell survey is correct and that they have established the true line, and find the defendant guilty and assess the plaintiff's damages at $15."

The chief issue to which the evidence was directed on the trial was the location of the correct boundary line between the lands of the parties to this litigation. On an appeal to the Appellate Court the cause was transferred to this court on the ground that a freehold was necessarily involved in the decision of the case. If the county court had jurisdiction to try the title to the disputed real estate in question and to establish the proper boundary between the litigants, then the holding of the Appellate Court was correct. (*Piper* v. *Connelly,* 108 Ill. 646; *Fort Dearborn Lodge* v. *Klein,* 115 id. 177; *Sanford* v. *Kane,* 127 id. 591; *Daily* v. *Boudreau,* 231 id. 228.) But if the county court did not have jurisdiction to try a case involving a freehold and render a judgment which would be binding on the parties as to the title, the parties to the suit could not confer jurisdiction upon that court by consent. *Town of Audubon* v. *Hand,* 223 Ill. 367, and cases cited.

The county court is a court of record and has general jurisdiction over a certain class of subjects. It is a court of limited, but, strictly speaking, not a court of inferior, jurisdiction. When acting within its sphere its jurisdiction is as general as that of the circuit court. *Cassell* v. *Joseph,* 184 Ill. 378; *People* v. *Medart,* 166 id. 348; *Propst* v. *Meadows,* 13 id. 157; *Anderson* v. *Gray,* 134 id. 550.

If the county court has jurisdiction to try a case directly involving a freehold it must obtain that jurisdiction from section 7 of the County Court act, which reads: "The county courts shall have concurrent jurisdiction with the circuit courts in all that class of cases wherein justices of the peace now have or may hereafter have jurisdiction, where the amount claimed or the value of the property in controversy shall not exceed $1000, concurrent jurisdiction in all cases of appeals from justices of the peace and police magistrates," etc. (Hurd's Stat. 1908, p. 648.) County judges were given concurrent jurisdiction with justices of the peace in this State in 1849. (1 Purple's Stat. 1856, sec. 14, p. 293.) By an amendment this statute was construed to mean that when the county judge was exercising such jurisdiction he was acting in the capacity of justice of the peace and not as county judge. (1 Purple's Stat. 1856, par. 589, p. 295.) In 1872 the legislature passed an act giving to the county courts practically the same jurisdiction as they now have under section 7 above quoted, except that the amount in controversy could not exceed $500. (Laws of 1871-72, p. 325.) In 1874 this section was amended, but not so as to materially affect the question here under consideration. (Rev. Stat. 1874, p. 37.) In 1877 the law on this subject was amended so as to stand in its present form. (Laws of 1877, p. 77.)

It is apparent from a fair construction of the statute as it now stands, as well as from the legislation just referred to on this subject, that it was the intention of the lawmakers to give to the county court, at first, concurrent jurisdiction with the justices of the peace, and later an enlarged jurisdiction, not as to the subject matter but with reference to the amount in controversy, it being placed first at not exceeding $500 and later raised to $1000. We find nothing in this legislation to indicate that it was intended to give the county courts jurisdiction to try title to real estate. Paragraph 2 of section 13 of the act of 1872, as to

the jurisdiction of justices of the peace, (Laws of 1871-72, p. 524,) provides that justices of the peace shall have jurisdiction "in actions for damages for injury to real property," etc. Under this section it has been held by this court that a justice of the peace had jurisdiction in an action for damages to real property where the claim did not exceed the jurisdiction of the justice. (*Taylor* v. *Koshetz*, 88 Ill. 479; *Pitts* v. *Looby*, 142 id. 534.) The Justice of the Peace act was revised in 1895, but this provision was not changed. (Hurd's Stat. 1908, par. 2, sec. 16, p. 1317.)

In the last named decision this court discussed at some length the question whether a justice of the peace had jurisdiction of the subject matter, and if so, whether the judgment found involved a freehold, and held that the justice had jurisdiction of the subject matter, but said (p. 536) : "It may be admitted that a freehold was incidentally involved in the litigation, but no judgment could have been rendered that either party was possessed of a freehold under any possible evidence, for the plain reason that the jurisdiction of the justice of the peace did not extend that far but was limited to the damages to real property to be recovered, and in this the case is entirely different from an action of trespass *quare clausum fregit* in the circuit court and a trial on the plea of *liberum tenementum*. Since a freehold was only incidentally involved, the appeal from the circuit court was properly to the Appellate Court."

In *Cobine* v. *McKittrick*, 186 Ill. 324, this court had under consideration an action concerning injury to real property, originally brought before a justice of the peace. The case was taken by appeal to the circuit court, and from a judgment entered in the latter court an appeal was taken directly to this court. It was contended that a freehold was involved. This court said (p. 325) : "The evidence shows that the fee to the land (where the acts complained of were committed) was claimed by both parties, and the defendant attempted to justify his acts under his claim of

ownership. Counsel say this defense is equivalent to the plea of *liberum tenementum,* and under such plea a freehold is involved, and the cause is therefore appealable from the circuit court directly here." The opinion then discussed and sanctioned the rule on this question laid down in *Pitts* v. *Looby, supra,* and stated that in an action for damages to real property before a justice of the peace the suit is for an injury to the possession, "and this, for the plain reason that a justice of the peace has no jurisdiction to try the title to real estate." It was held in that case that the appeal should have been to the Appellate Court and not to this court.

In *Herman* v. *Commissioners of Highways,* 197 Ill. 94, an action was brought before a justice of the peace to recover for a penalty. In considering the questions involved in that case this court said (p. 96) : "The justice of the peace could render no judgment that either party was possessed of a freehold estate, for the reason that his jurisdiction does not extend that far, it being limited to a recovery of the fine or penalty imposed by the statute. The case differs from an action of trespass *quare clausum fregit* where the plea of *liberum tenementum* has been interposed, or a trial involving a right to a perpetual easement in real estate." The court there held that the justice of the peace had no jurisdiction to try title to real estate, and that as no freehold could have been involved, the appeal should have been taken to the Appellate Court.

In *Village of Dolton* v. *Dolton,* 201 Ill. 155, this court again had under consideration the question whether a justice of the peace could try title to a freehold, and stated that there had been some apparent contradictions in the decisions of this court. After a review of the authorities, including those already referred to, the court held that the judgment of the justice of the peace did not settle the question of freehold, and that while a perpetual easement in a highway might involve such question, it could only do

so in that class of cases "arising before a court of record having power to adjudicate upon the title to a freehold." See, also, to the same effect, *Town of Audubon* v. *Hand, supra,* where these authorities are again reviewed.

The question here under discussion as to the jurisdiction of the county court does not appear to have been passed upon directly by this court. *Lachman* v. *Deisch,* 71 Ill. 59, was an action in the county court to recover for damages to real property under the section of the County Court act in force in 1873 and heretofore quoted, which is substantially the same as the present act, except that the limitation was then $500 and is now $1000. In that case the question was raised in this court as to whether the county court had jurisdiction of the subject matter, and it was held that as a justice of the peace had jurisdiction under said section 13 of the Justice of the Peace act, heretofore quoted, the county court had jurisdiction where the amount in controversy did not exceed $500.

Under the authorities we are compelled to hold that the county court did not have jurisdiction to try a case involving a freehold and render a judgment binding as to the title, although it did have jurisdiction to hear an action for damages not exceeding $1000 for injury to real property. While a freehold was incidentally involved in the litigation, no judgment could rightly be rendered that either party was possessed of a freehold, under any possible evidence.

The appeal was properly taken from the trial court to the Appellate Court. The transcript and files in this case will therefore be transferred to the Appellate Court for the Fourth District.          *Cause transferred.*