IRA M. COBE *et al.* Appellees, *vs.* THE CITY OF CHICAGO,
Appellant.

*Opinion filed October 28, 1910—Rehearing denied Dec. 7, 1910.*

1. COURTS—*County Court act does not authorize county court
to try a question of title to land.* Neither the constitution nor the
County Court act confers upon the county court power to try a
case involving a freehold and render any judgment therein which
is binding as to the title to real estate. (*Boyd* v. *Kimmel,* 244 Ill.
545, followed.)

2. SAME—*Local Improvement act does not give county court
power to adjudicate title to streets.* The Local Improvement act,,
particularly section 53, was not designed to enable the city, in spe-
cial assessment or special tax proceedings, to conclusively try the
question of title to streets, but merely to enable the county court
to determine the question of title as incident to the main issue
whether the assessment or tax shall be levied.

3. RES JUDICATA—*judgment dismissing a special assessment
petition is not res judicata as to the title to street.* A judgment of
the county court dismissing a special assessment petition after sus-
taining all legal objections thereto, among which was one which
charged that the land upon which the improvement was sought to
be constructed was not a public street, is not an adjudication of
the title to the strip of land in question such as is binding upon
the city in a subsequent suit to enjoin the city from removing ob-
structions from the alleged street.

APPEAL from the Circuit Court of Cook county; the
Hon. THOMAS G. WINDES, Judge, presiding.

EDWARD J. BRUNDAGE, Corporation Counsel, (CLAR-
ENCE N. BOORD, and J. O. HOOVER, of counsel,) for ap-
pellant:

The county court is a court of limited jurisdiction and
has no power to try title to real estate. It cannot enter a
valid judgment vesting the litigant with title to real estate.
Const. art. 6, sec. 18; Hurd's Stat. 1908, chap. 37, secs. 93,
95; *Kreitz* v. *Behrensmeyer,* 125 Ill. 141; *McClerken* v.
*McClerken,* 46 id. 326; *McCartney* v. *Osburn,* 118 id. 403;

23 Cyc. 1317; *Harriman* v. *Northern Securities Co.* 197 U. S. 244.

Even if the county court, in a special assessment proceeding, has the power and jurisdiction to finally determine the question of title to real estate, (which we do not admit,) the claimed adjudication of the title to the disputed strip in said prior special proceeding is not a former adjudication which is binding upon appellant in this action, because the question of title to the said strip in said special assessment proceeding was not the controlling and decisive question or issue upon which the judgment in said proceeding turned. 24 Am. & Eng. Ency. of Law, 776, 777; 23 Cyc. 1313; Black on Judgments, secs. 615, 617, 618; Freeman on Judgments, (5th ed.) secs. 256, 257, 259; *Packet Co.* v. *Sickels*, 5 Wall. 580; *Court* v. *Tracy*, 7 Conn. 268; *People* v. *Johnson*, 38 N. Y. 865; *Stannard* v. *Hubbell*, 123 id. 520; *West* v. *Platt*, 127 Mass. 367; *Eastman* v. *Symonds*, 108 id. 567; *Thompson* v. *Bushnell*, 80 Fed. Rep. 332; *Kitson* v. *Farwell*, 132 Ill. 327; *Brack* v. *Boyd*, 211 id. 290; Hurd's Stat. 1908, chap. 37, sec. 213; chap. 110, sec. 118.

FELSENTHAL, FOREMAN & BECKWITH, and RICHBERG & RICHBERG, for appellees:

The county court, though of limited jurisdiction, is not a court of inferior jurisdiction, and its decisions, if within the sphere of its jurisdiction, are as binding as those of courts of general jurisdiction. *Bostwick* v. *Skinner*, 80 Ill. 147; *Barnett* v. *Wolf*, 70 id. 76.

The county court, in a special assessment proceeding for confirmation of an assessment roll for the laying of a sidewalk along an alleged public street, has power to determine whether or not said strip of land upon which the sidewalk is to be laid is a public street. Hurd's Stat. 1908, chap. 24, secs. 291, 540, 559; *People* v. *Talmadge*,

194 Ill. 67; *People* v. *Latham,* 203 id. 9; *Watts* v. *River Forest,* 227 id. 31; *Lehmer* v. *People,* 80 id. 601; *Chicago* v. *Green,* 238 id. 258; 239 id. 304.

The city cannot levy a special assessment for a sidewalk along a private way. Hurd's Stat. 1908, chap. 24, secs. 291, 540, 559.

Where property owners along the proposed improvement raise, as a ground of objection to the confirmation of the assessment in the county court, the point that the strip of land along which the proposed sidewalk is to be laid is not a public street, that question must be passed upon by the county court. *People* v. *Talmadge,* 194 Ill. 67; *People* v. *Latham,* 203 id. 9; *Watts* v. *River Forest,* 227 id. 31; *Chicago* v. *Green,* 238 id. 258; 239 id. 304.

The county court of Cook county, in the proceeding for confirmation of the special assessment for the laying of the sidewalk on the strip of land called Hill's court, decided that said strip was not a public street. A fact or matter in issue is that on which the plaintiff proceeds by his action and which defendant controverts in his pleadings. 23 Cyc. 1302; Freeman on Judgments, sec. 257; Bigelow on Estoppel, 83; *Hanna* v. *Read,* 102 Ill. 596; *Tilley* v. *Bridges,* 105 id. 336.

The adjudication of the county court, in a special assessment proceeding, that Hill's court is not a public street is binding on appellant and operates as *res judicata* in a subsequent suit involving the same issues. Hurd's Stat. 1908, chap. 24, secs. 291, 540, 559; *People* v. *Talmadge,* 194 Ill. 67; *Lehmer* v. *People,* 80 id. 601; *Watts* v. *River Forest,* 227 id. 31.

The judgment of the county court on the objections to the confirmation of the special assessment was a final judgment within the meaning of the doctrine of *res judicata.* Hurd's Stat. 1908, chap. 24, secs. 554, 562; *Chicago* v. *Singer,* 202 Ill. 75; *Chicago* v. *Green,* 239 id. 304.

246—40

Where a court of competent jurisdiction has adjudicated and determined a fact or question put in issue in a subsequent suit between the same parties or their privies, the determination in the former suit will be conclusive upon the parties in the later suit, without regard to whether the cause of action is the same in both suits or not. *Hanna* v. *Read,* 102 Ill. 596; *People* v. *Talmadge,* 194 id. 67; *Lehmer* v. *People,* 80 id. 601; *Newman* v. *Chicago,* 153 id. 469; *Sholl* v. *Coal Co.* 139 id. 21; *People* v. *Brislin,* 80 id. 423; *Leopold* v. *Chicago,* 150 id. 568; *Wright* v. *Griffey,* 147 id. 496.

Mr. JUSTICE COOKE delivered the opinion of the court:

This is a bill filed by Ira M. Cobe, William C. Niesen and the Gunther Baseball Company, a corporation, in the circuit court of Cook county, against the city of Chicago, praying that the city of Chicago, its agents, employees, servants and attorneys, be enjoined and restrained from interfering with the rights of complainants in and to a strip of land referred to in the bill of complaint and designated as "Hill's court," or from in any manner asserting any rights in and to said Hill's court adversely to the ownership therein of complainants and their right of possession.

The bill alleges that Ira M. Cobe is seized in fee simple of certain lots in Simon's addition to Ravenswood and certain lots in J. L. Stark's addition to Ravenswood, in the city of Chicago, and also a strip of land about 35 feet in width and 510 feet in length extending east and west along and adjoining said lots on the south; that the Gunther Baseball Company is the lessee, under a lease from Daniel R. Cameron, of certain lots therein described in said J. L. Stark's addition and also a strip of land about 15 feet in width and 510 feet in length extending east and west and adjoining said lots on the north; that on May 26, 1893, a plat of Simon's addition to Ravenswood was filed for rec-

ord, in and by which the owners of said addition ceded and dedicated said strip of land 35 feet in width, and on the same day the then owners of the block containing the lots now leased to the Gunther Baseball Company in the said J. L. Stark's addition to Ravenswood ceded and dedicated said strip of land 15 feet in width, the two said strips being contiguous and constituting a strip 50 feet in width from North Ashland avenue to North Clark street, (two public thoroughfares in the north addition to the city of Chicago,) and being named and designated in said plat of Simon's addition as "Hill's court;" that William C. Niesen owned said 35-foot strip in June, 1908; that on March 30, 1907, an ordinance was adopted by the city council of Chicago to lay six-foot cement sidewalks on both sides of the strip called Hill's court, and was afterwards made the basis for spreading an assessment for the payment of said improvement, and that the assessment roll for said improvement was brought into the county court of Cook county for confirmation; that William C. Niesen and Daniel R. Cameron filed objections in the county court to the confirmation of such assessment roll, one of the objections being that the assessment was illegal for the reason that said Hill's court was not a public street and had theretofore been legally vacated. There were seventeen other objections filed, among them being one that the ordinance was unreasonable. The bill further alleges that evidence was heard by the county court upon said objections, tending to show that said strip had been legally vacated before any acceptance on the part of the city of Chicago and also tending to show that Hill's court had never been legally laid out or dedicated; that the county court, in June, 1908, sustained all the objections and dismissed the petition; that more than a year after the date of the judgment of the county court sustaining all the objections to the petition for confirmation of the assessment roll and dismissing the petition, the city of Chicago served notice on the Gunther Baseball

Company and William C. Niesen to remove the fence surrounding the Gunther baseball park, and the grand-stands of the same, from Hill's court, or that the city of Chicago would forcibly remove and tear the same down immediately because said structures were on public property, and that unless restrained the city of Chicago will tear down the fence surrounding said ball park and will prevent the complainant company from using its ball park as a place of amusement; that the business of the Gunther Baseball Company will be entirely destroyed and irreparable injury done it. Complainant Cobe alleged and represented that the threatened action on the part of the city of Chicago, unless restrained, would result in the city attempting to seize his property under the guise that said strip was a public street, and would involve him in long and expensive litigation with the city and deprive him of his rights of possession.

The city answered the bill, and the cause was referred to the master in chancery to report his conclusions of law, the only matter referred to the master to be determined being, whether the order entered in the application for a confirmation of the assessment roll in the county court is *res judicata* in this case. The master reported, finding that the county court is a court of limited jurisdiction and can not consider and dispose of questions of title, and recommended that on the issue as presented the complainants' bill be dismissed for want of equity. The complainants objected and excepted to the report of the master, and upon a hearing the circuit court sustained the exceptions to the report and entered a decree finding that the decision and judgment in the special assessment proceedings in the county court are a former adjudication as to the title to said strip of land which is conclusive and binding on the city of Chicago in this cause. The decree also found that that was the only issue raised by the pleadings and relied on by the parties, and ordered and decreed that an injunc-

tion issue, without bond, perpetually restraining the city of Chicago from interfering with the rights of the complainants in Hill's court or from asserting any right in and to the said strip of land adversely to the ownership of complainants. The city has appealed from this decree, and the only question raised is whether or not the order or judgment of the county court dismissing the application for confirmation of the assessment roll upon the objections made thereto is a former adjudication as to the title to Hill's court which is conclusive and binding upon the city in this cause.

We recently had occasion, in the case of *Boyd* v. *Kimmel,* 244 Ill. 545, to discuss the question of the jurisdiction of the county court, in general, to determine questions of title, and we there held that the county court did not have jurisdiction to try a case involving a freehold and render a judgment binding as to the title, although it did have jurisdiction to hear an action for damages, not exceeding $1000, for injury to real estate where a freehold was incidentally involved. It will not be necessary here to review the authorities there cited and quoted from, but it will suffice to state that under the holding in that case county courts do not have jurisdiction, under the constitution or under the County Court act, to try a case involving a freehold or render any judgment binding as to the title of real estate. The legislature has the undoubted right to confer such jurisdiction upon the county court. It has not done so by the provisions of the County Court act, and if jurisdiction has been conferred upon the county court to conclusively determine questions of title in this class of cases, we must look to the act concerning local improvements, approved June 14, 1897, for that authority.

Appellees rely upon the various sections in the Local Improvement and Sidewalk acts which provide that local improvements shall be constructed upon the streets of the various municipalities, as conferring jurisdiction upon the

county court to determine the question of the title to the streets, but they particularly rely upon section 53 of the Local Improvement act, which is as follows: "No special assessment or special tax shall be levied for any local improvement until the land necessary therefor shall be acquired and in possession of the municipality, except in cases where proceedings to acquire such land shall have been begun, and proceeded to judgment." They urge that where objection is made, as was in the application here involved, to the confirmation of the assessment that the city has not acquired or does not own the land upon which the local improvement is proposed to be made, it becomes necessary for the county court to then determine the question of title, and that that question being a necessary one for determination, the judgment of the county court is final and conclusive, and is binding upon the parties thereafter as an absolute adjudication of the question of the title to the land involved.

We are of the opinion that, inasmuch as the main issue to be determined in the proceedings is whether the assessment shall be approved and the question of title is merely incidental, it was not intended by the legislature to confer upon the county court more than jurisdiction to determine the question of title merely for the purpose of that one proceeding, and that such determination was not intended to be a final and complete adjudication of the title, so as to vest in the municipality or any person an absolute estate of freehold. An examination of the other provisions of this act discloses clearly that it was not the intention of the legislature to confer such power upon the county court. All of that portion of the act following section 36 relates to cases where the ordinance creating the improvement contains no provision for the condemnation of private property and where the improvement is proposed to be made on the property of the municipality. Section 41 provides that the assessment roll shall contain a list of all the lots, blocks, tracts

and parcels of land assessed for the proposed improvement
and the amount assessed against each, the name of the person
who paid the taxes on each such parcel during the last
preceding calendar year, the residence of such person, if the
same can be found, and the amount of each installment of
assessment, and provides further that notice shall be given
of the nature of the improvement, of the pendency of the
proceedings, of the time and place of filing petition therefor,
and of the filing of the assessment roll, and of the time
and place at which application will be made for confirmation
of the assessment, and that such notices shall be sent
by mail, postage paid, to each of said persons paying the
taxes on the said respective parcels during the last preceding
year taxes were paid, at his residence, as shown in the
assessment roll, or if not shown, then to such person paying
the taxes, directed generally to the city, village or town
in which the improvement is proposed to be made. The
remainder of the section contains other matter which is directed
to be contained in the notice. Section 44 provides
that the petitioner shall, in addition to other notices thereinbefore
provided for, cause notices to be posted in public
places and published in a daily or weekly newspaper of the
final hearing to be had upon the application for the confirmation
of the assessment roll. Section 46 provides:
"Any person interested in any real estate to be affected by
such assessment, may appear and file objections to such report,
by the time mentioned in said notice, * * * or
within such further time as the court may allow," etc.

Thus it will be seen that notice is only provided to be
given to the owners of lots benefited by the proposed improvement,
and by section 46 it is only persons interested
in any real estate to be affected by the assessment who may
appear and file objections. As no assessment can be made
against any property taken for the proposed improvement,
this clearly excludes anyone claiming title adversely to the
municipality in the property upon which the proposed im-

provement is to be made, and such person, if any exist, will not only receive no notice of the proceedings but will be precluded from filing any objections unless he also be the owner of a lot or lots which are claimed to be benefited and proposed to be assessed. If it were meant by section 53 to confer jurisdiction upon the county court, in proceedings of this kind, to conclusively determine the question of title to the lands proposed to be used for public improvements, it is done upon the assumption that in each case where a dispute should arise as to the title it would be between the municipality and some one or more of the owners of lots benefited. That, however, would not necessarily be true. It would be quite possible, for instance, in the case now under consideration, that someone other than any one or more of the owners of lots claimed to be benefited and proposed to be assessed should claim to own title in fee simple to the strip of land known as Hill's court. In such case the person so claiming to own the title would receive no notice whatever of the proposed improvement, and would not be entitled to file objections to the report of the officer or person making the assessment. It is true that if such were the case the question of *res judicata* here urged could not arise for the reason that the parties to the action would not be identical, but it is also true that in such a case the judgment of the county court, should that be one overruling all objections, including one that the municipality had not acquired the property, would in nowise be binding upon the person claiming to own the land involved.

It cannot be successfully contended that the legislature meant that under certain conditions arising in cases under the Local Improvement act the county court should have jurisdiction to conclusively and finally determine all questions of title, and that under other conditions in such cases it should not have such jurisdiction. The act is meant to apply generally, and the county court has the same jurisdiction in one case under the Local Improvement act as it has

in another. In the absence of general jurisdiction to determine questions of title it cannot be contended that the county court was by this act given jurisdiction of the subject matter in such cases as it should by accident, as it were, secure jurisdiction of the persons of all the parties interested. If it were meant that the county court should have jurisdiction in this class of cases to settle questions of title, provision would have been made for service upon every person claiming to be interested, in each instance. As the legislature did not give the county court jurisdiction of all the persons interested in every instance, it must necessarily follow that jurisdiction was not given of the subject matter to conclusively adjudicate questions of title. Section 53 empowers the county court simply to determine the question of title as it may arise incidentally to the determination of the main question of the confirmation of the assessment, and the judgment of the court has no force and effect upon that question except in that particular proceeding. The jurisdiction of the county court in this regard is analogous to the jurisdiction of a justice of the peace to determine the question of title when it arises incidentally in suits brought to recover for injury to real estate. Section 53 was not designed to enable the city to contest conclusively the question of title with anyone, but was meant to prevent municipalities from levying assessments and collecting the same for public improvements to be made upon private land not yet acquired by the municipality and which the municipality was willing to concede had not been acquired, but which was proposed to be acquired thereafter by condemnation proceedings.

Appellees rely upon the cases of *People* v. *Talmadge,* 194 Ill. 67, *Watts* v. *Village of River Forest,* 227 id. 31, *City of Chicago* v. *Green,* 238 id. 258, and *City of Chicago* v. *Green,* 239 id. 304, as supporting their contention. There is nothing in the decision of any of those cases which in anywise conflicts with the views herein expressed.

The order and judgment of the county court dismissing the petition for confirmation of the assessment roll was not a former adjudication as to the title to Hill's court which is conclusive and binding upon the appellant in this cause. The decree of the circuit court is reversed and the cause is remanded to that court for further proceedings not inconsistent with the views herein expressed.

*Reversed and remanded.*