THE TOWN OF MATTOON, Plaintiff in Error, *vs.* E. N. EL-LIOTT, Defendant in Error.

*Opinion filed June 18, 1913.*

1. FREEHOLD—*general rule as to when a freehold is involved.* A freehold is involved where the necessary result of the judgment is that one party gains and another loses a freehold estate, or when the title to a freehold is so put in issue by the pleadings that the decision of the case necessarily involves a decision of such issue.

2. SAME—*the freehold must be directly, and not merely incidentally, involved.* To justify bringing a case directly to the Supreme Court upon the ground that the decision of the trial court related to a freehold, the right of freehold must have been directly, and not incidentally or collaterally, the subject of the action.

3. SAME—*when plea of estoppel in pais does not raise a question of freehold.* An estoppel *in pais* affecting permanent interests in land can only be made available in a court of equity, and hence, under a plea of estoppel *in pais* in an action at law to recover a penalty for obstructing an alleged highway, the court can not enter any judgment that would affect the title to the freehold.

4. SAME—*when suit for penalty for obstructing highway does not involve a freehold.* A suit in a court of record to recover a penalty for obstructing a highway does not involve a freehold, where the plea is an estoppel *in pais* based upon an alleged resurvey of the road by the highway commissioners and the erection by the defendant, on the line of the re-survey, of the fence claimed to constitute the obstruction.

5. HIGHWAYS—*re-survey under section 37 of Road and Bridge act does not bind land owners.*  A re-survey of a highway under section 37 of the Road and Bridge act is an *ex parte* proceeding without notice and without evidence, and is not binding upon adjoining land owners, or other interested persons, with respect to the title to the land.

6. SAME—*title to land is not involved under defense of estoppel in pais in suit for penalty.*  In a suit in the name of a town to recover a penalty for obstructing a highway, the defense that the defendant erected the fence, claimed to be an obstruction, upon the line of a re-survey by the highway commissioners, and that it would be inequitable to permit a recovery of a penalty, may be invoked under a plea of estoppel *in pais;* but such defense does not put the title to the road in issue.

WRIT OF ERROR to the Circuit Court of Coles county; the Hon. WILLIAM B. SCHOLFIELD, Judge, presiding.

JAMES W. & EDWARD C. CRAIG, DONALD B. CRAIG, and CHARLES C. LEE, for plaintiff in error.

BRYAN H. TIVNEN, and HENRY A. NEAL, for defendant in error.

Mr. JUSTICE CARTER delivered the opinion of the court:

This was an action in the circuit court of Coles county for the recovery of a penalty for the obstruction of a public highway in the town of Mattoon.  The commissioners of highways refused to bring the suit, and Fred Block, Sr., the owner of land adjoining the highway, gave the cost bond and the suit was instituted in the name of the town. The declaration consisted of three counts.  Defendant in error filed a plea of *nil debet* and a special plea of estoppel *in pais.*  To this latter plea plaintiff in error demurred. The trial court having overruled the demurrer, plaintiff in error elected to stand by it.  Judgment of *nil capiat* was entered and that the defendant in error recover his proper costs.  To reverse that judgment this writ of error has been sued out.

The three counts of the declaration charged, in varying language, that said road had been laid out upon a certain line and that defendant in error had constructed a fence in said road. Defendant in error's plea of estoppel *in pais* averred that the highway commissioners entered an order, under section 37 of the Road and Bridge act, (Hurd's Stat. 1911, p. 2001,) authorizing a re-survey of said road; that said re-survey was made, and after it had been completed and the road staked out upon the line of the re-survey, defendant in error erected the fence referred to in each count of the declaration, "upon the west boundary line of said re-survey and not upon any other line, by reason whereof the defendant says that the plaintiff is estopped from claiming that the road runs upon a different line from that found in the re-survey, as aforesaid, and is also estopped from setting up any claim against defendant for the construction and placing of said fence upon said line of the said survey," etc.

A motion was made by defendant in error to transfer this cause to the Appellate Court on the ground that no freehold is involved and that this court is without jurisdiction. That motion was taken with the case.

Plaintiff in error contends that this court has held that in suits begun in a court of record for the recovery of a penalty for obstructing a highway it is necessary to determine whether the public has a perpetual easement, and that therefore a freehold is necessarily involved here; (*Town of Audubon* v. *Hand,* 223 Ill. 367, and cases cited;) while defendant in error insists that under the pleadings in this case the question whether a road existed at this point was not involved, as the only question raised by the pleadings was whether, by its conduct, plaintiff in error was estopped from bringing an action of damages to recover the statutory penalty for obstructing a highway.

In none of the cases cited by counsel has the question been passed upon as to whether a freehold was necessarily

involved under the issues raised by a plea of estoppel *in pais.*
A freehold is involved in the manner required by the stat-
ute to give this court jurisdiction so as to bring the case
directly from the trial court here, "in all cases where the
necessary result of the judgment or decree is that one party
gains and another party loses a freehold estate," and also
in those cases "where the title to a freehold is so put in
issue by the pleadings that the decision of the case nec-
essarily involves a decision of such issue." (*Sanford* v.
*Kane,* 127 Ill. 591; *Malaer* v. *Hudgens,* 130 id. 225; *Piper*
v. *Connelly,* 108 id. 646; *Rhoten* v. *Baker,* 193 id. 271;
*Stevenson* v. *Lewis,* 244 id. 147; *Douglas Park Building
Ass'n* v. *Roberts,* 218 id. 454.) The re-survey in question
could not cause one party to gain and another party to lose
a freehold. This court, in *Gentleman* v. *Soule,* 32 Ill. 271,
in considering a re-survey made under a somewhat similar
statute by highway commissioners, stated (p. 280) : "This
proceeding did not establish or prove anything but that the
commissioners claimed that a road existed where the sur-
vey was made. It left the proof of its existence precisely
as it was before. * * * When its existence was ques-
tioned it devolved upon the people to show that they had
acquired the right in the place they claimed by the survey.
It could not have been the intention of the legislature, when
they authorized the public authorities to have such surveys
made, to conclude the owner in his absence and without
any means of being heard to controvert the claim of the
public. Nor does the law give him the right of appeal. It
does not declare that such a survey shall affect his rights,
nor does it. Such a proceeding is *ex parte* and without
evidence, and is, consequently, not binding upon adverse
interests." The re-survey under said section 37 of the
Road and Bridge law was also *ex parte,* without notice and
without evidence, and necessarily cannot be binding upon
the adjoining land owners or any other interested persons.
To justify bringing a case directly to this court upon the

ground that the decision of the trial court related to a freehold, the right of the freehold must have been directly the subject of the action,—not incidentally or collaterally. (*Mayor of Roodhouse* v. *Briggs,* 194 Ill. 435.) The judgment must be conclusive of the freehold right until it is reversed. (*Bartley* v. *Peoria Park District,* 251 Ill. 373.) The title to the land in question was not so put in issue by the pleadings here that the decision of the case necessarily involved a decision as to the freehold, as is the case in an action of *quare clausum fregit* to which the plea of *liberum tenementum* has been filed, where the only judgment for plaintiff could be one of damages for the trespass. Under such pleadings the plaintiff's right to damages depends upon the success or failure of the defendant in establishing his title to the freehold, and therefore a freehold is involved. *Douglas Park Building Ass'n* v. *Roberts, supra,* and cases cited.

Counsel for defendant in error contend that even if the actual location of the road is properly set out in the declaration there can be no recovery here. They argue that the highway commissioners,—the proper public authorities,—ordered a re-survey of the road; that the defendant in error built his fence on the line of this re-survey; that therefore the public cannot recover a penalty for obstructing the highway against him, as he placed the fence on the line laid out by these public authorities; that this penalty can be recovered only for wrongful conduct, and that it would be unconscionable to permit it to be recovered from defendant in error for building this fence on the line laid down by the highway commissioners. Such a defense may be invoked under the plea of estoppel *in pais* against a municipal corporation or other public authorities. (*Chicago, Rock Island and Pacific Railroad Co.* v. *City of Joliet,* 79 Ill. 25; *Martel* v. *City of East St. Louis,* 94 id. 67; *City of Chicago* v. *Union Stock Yards and Transit Co.* 164 id. 224; *People* v. *Wieboldt,* 233 id. 572; *City of Chicago* v.

*Pittsburg, Cincinnati, Chicago and St. Louis Railway Co.* 244 id. 220; *State* v. *Illinois Central Railroad Co.* 246 id. 188; *People* v. *Union Gas Co.* 254 id. 395.) By this defense the title to the road would not in any sense be directly in issue and present "a question which the court was compelled to decide." (*Sanford* v. *Kane, supra.*) Furthermore, under the plea of estoppel *in pais* no judgment could be entered affecting permanently any interests to real estate. It has been settled by repeated decisions of this court that estoppels *in pais* affecting permanent interests in land can only be made available in courts of equity. (*St. Louis Stock Yards Co.* v. *Wiggins Ferry Co.* 102 Ill. 514; *Baltimore and Ohio and Chicago Railroad Co.* v. *Illinois Central Railroad Co.* 137 id. 9; *Winslow* v. *Cooper,* 104 id. 235; *Linnertz* v. *Dorway,* 175 id. 508; *City of Amboy* v. *Illinois Central Railroad Co.* 236 id. 236.) Under this plea, therefore, the court could not enter a judgment in this common law proceeding that would affect the legal title to the freehold in question. See *Boyd* v. *Kimmel,* 244 Ill. 545.

From the decisions cited herein, the conclusion necessarily follows that under the pleadings in this case one party could not gain and another lose a freehold; neither was the title to a freehold so put in issue that a decision of the case necessarily involved a decision of such question.

Counsel for plaintiff in error further suggest that the validity of said section 37 of the Road and Bridge act is involved in this proceeding, but the conclusion we have reached as to the questions that could be raised under these pleadings disposes of that question. Manifestly, the question of due process of law in the taking of land by said re-survey, under said section 37, is not fairly involved here, as the legal title to the land could not be affected under the issues raised in this record.

This court being without jurisdiction, the cause will be transferred to the Appellate Court.    *Cause transferred.*