(No. 13839.—Cause transferred.)
ROAD DISTRICT NO. 6 IN JOHNSON COUNTY, Appellant, *vs*
T. H. McKINNEY, Appellee.

*Opinion filed October 22, 1921.*

1. FREEHOLD—*when circuit court has no jurisdiction to decide question involving freehold.* If a freehold is incidentally involved in a proceeding as to which the statute expressly confers jurisdiction upon justices of the peace, a justice of the peace has no jurisdiction to render any judgment which in any manner affects the right or claim of the parties to the freehold, and the circuit court, on appeal, has no greater jurisdiction in that respect.

2. SAME—*when a direct appeal does not lie to Supreme Court from circuit court.* On appeal to the circuit court in a statutory proceeding begun before a justice of the peace to recover a fine or penalty under section 155 of the Roads and Bridges act for the obstruction of a road which the defendant claims is not a public highway, the question of freehold is only incidentally involved and is not ground for a direct appeal from the circuit court to the Supreme Court.

3. JURISDICTION—*parties cannot confer jurisdiction of subject matter on Supreme Court by agreement.* The Supreme Court will not decide a cause where it has no jurisdiction of the subject matter, even though the question of jurisdiction is not raised by the parties or though they assent to the Supreme Court taking jurisdiction.

APPEAL from the Circuit Court of Johnson county; the Hon. A. W. LEWIS, Judge, presiding.

O. R. MORGAN, and C. S. MILLER, for appellant.

H. A. EVANS, for appellee.

Mr. JUSTICE DUNCAN delivered the opinion of the court:

This proceeding was begun by the filing of a sworn complaint by William Bridges before a justice of the peace of Johnson county in the name of Road District No. 6, in said county, against T. H. McKinney, charging the unlawful obstruction of a certain highway or public road in said county by putting brush in the road and by putting a wire

fence and gates across it and by plowing it. It is a statutory proceeding for the recovery of a fine or penalty under section 155 of the Roads and Bridges act, (Hurd's Stat. 1917, p. 2565,) and Bridges was required to and did give a bond for costs. One of the main issues for decision before the justice of the peace was whether or not the road was a public road or public highway, it being contended by the defendant that it was not such a road or highway and the plaintiff contended that it was such by prescription. The defendant was found guilty and a fine or penalty was assessed against him by the justice of the peace in the sum of $10. On appeal to the circuit court of Johnson county there was a trial *de novo,* in which the defendant was found not guilty and a judgment for costs entered against Bridges. The cause has been appealed direct to this court, and one of the principal questions raised in this court is the question whether or not the road in question is a public road or highway by prescription. Other questions raised are not necessary to be here stated.

This court has no jurisdiction of this appeal, and the only possible claim for such jurisdiction is that there is a question of freehold involved. The justice of the peace had jurisdiction to try the cause as the statute expressly confers jurisdiction upon that court, but the question of a freehold before the justice of the peace was only incidentally involved. That court had no jurisdiction to render any judgment which could in any manner affect the right or claim of the parties to an estate of freehold, and the circuit court, by the appeal to it, had no greater jurisdiction and power than was possessed by the justice of the peace. (*Herman* v. *Highway Comrs.* 197 Ill. 94; *Seidschlag* v. *Town of Antioch,* 198 id. 413; *Village of Dolton* v. *Dolton,* 201 id. 155.) For the same reason that a county court has no jurisdiction to enter a judgment deciding a question of freehold that shall bind the parties, the question of freehold when raised in that court in cases similar to the one

now before us is only incidentally involved, and an appeal does not lie direct from that court to this court but to the Appellate Court. (*Boyd* v. *Kimmel,* 244 Ill. 545; *Cobe* v. *City of Chicago,* 246 id. 625.) A circuit court is a court of record and has jurisdiction to try and decide questions of freehold in cases of the character now before us when such question is directly in issue before it and the action is brought in that court as an original action, and an appeal in such a case would lie direct to this court if, on appeal, it became necessary for this court to decide the question of freehold and the result of the judgment would be such that one of the parties would gain and the other lose an estate of freehold. (*Town of Audubon* v. *Hand,* 223 Ill. 367.) A freehold is involved in the manner required by the statute to give this court jurisdiction so as to bring the case directly from the trial court here, "in all cases where the necessary result of the judgment or decree is that one party gains and another party loses a freehold estate," and also in those cases "where the title to a freehold is so put in issue by the pleadings that the decision of the case necessarily involves a decision of such issue." *Town of Mattoon* v. *Elliott,* 259 Ill. 72.

The question is raised by appellee in his brief that this court has no jurisdiction of this appeal because the question of freehold is only incidentally involved and that a decision on that question would not cause either party to gain or to lose an estate of freehold, but he also states that he has no objection to this court entertaining jurisdiction of the appeal for the reason already stated. The rule is that parties to a suit cannot by consent invest the court with jurisdiction when it has no jurisdiction of the subject matter of the suit. (*Town of Audubon* v. *Hand, supra.*) This rule of law is followed by this court, and we will not hear and decide a cause in which we have no jurisdiction even where the question of jurisdiction is not raised by either party or where the parties assent to our taking jurisdiction.

The appeal will not be dismissed but the cause will be transferred to the Appellate Court for the Fourth District for hearing by that court, as now required by statute.

*Cause transferred.*